IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

MARK PEARSON & DEEVEE PEARSON                                    PLAINTIFFS

v.                              No. 4:11-cv-00538 KGB

PULASKI COUNTY SPECIAL SCHOOL DISTRICT                    DEFENDANT

OPINION AND ORDER

Before the Court is plaintiffs' motion for attorney's fees (Dkt. No. 33), to which the defendant has objected and responded (Dkt. No. 39). For the following reasons, plaintiffs' motion is granted in part and denied in part.

In support of their motion, plaintiffs claim that defendant failed to respond to their informal attempts to negotiate fees in the underlying administrative hearing before pursuing litigation (Dkt. No. 33-3). Plaintiffs also point out that, after they filed litigation seeking the underlying fees, defendant expanded the litigation by seeking review and reversal of the Hearing Officer's decision through a motion for summary judgment (Dkt. No. 33, at 1–2). Plaintiffs cite this Court's January 29, 2013, Order and Judgment in favor of plaintiffs on their claim for attorney's fees from the administrative hearing as the basis for plaintiffs' current request for attorney's fees incurred in this litigation. Plaintiffs contend they were successful in obtaining prevailing party status and in opposing defendant's claim that the Hearing Officer's decision should be reversed (Dkt. No. 33, at 2). Plaintiffs seek $12,410.00 in costs and fees associated with pursuing this litigation and submit itemized billing in support of the request (Dkt. No. 33-2).

Defendant objects to plaintiffs' request. Defendant contends that, although plaintiffs attempted to negotiate a fee for the underlying administrative hearing, plaintiffs first did so eight days after filing the current action, not before (Dkt. No. 39, at 1). Defendant also contends that,

although plaintiffs were determined to be a prevailing party at least with respect to certain relief afforded at the administrative hearing, this Court's award of fees and costs in its January 29, 2013, Order was "significantly less" than the amount plaintiffs sought in settlement (Dkt. No. 39, at 1). Defendant also claims that, based on the itemized billing submitted by plaintiffs, several specific time entries are not reasonable (Dkt. No. 39-1).

The Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3)(B), authorizes an award of costs, including reasonable attorney's fees, to parents or guardians who prevail in any action or proceeding described in 20 U.S.C. § 1415. This litigation consisted of plaintiffs seeking attorney's fees, described in 20 U.S.C. § 1415(i)(3)(B), and defendant's civil action challenging the Hearing Officer's findings and conclusions, described in 20 U.S.C. § 1415(i)(2). Thus, plaintiffs may seek costs and fees under the IDEA. Here, the Court concludes plaintiffs were a prevailing party under the IDEA based on the Court's January 29, 2013, Order and, therefore, are entitled to an award of costs, including reasonable attorney's fees.

Plaintiffs submit that they incurred costs of $400.00 in this litigation (Dkt. No. 33, at 1), and this Court awards plaintiffs the full amount of costs they seek. As for plaintiffs' request for attorney's fees, in determining a reasonable fee, the court considers first "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The court then considers "the degree of success obtained." *Farrar v. Hobby*, 506 U.S. 103, 114 (1992) (quoting *Hensley*, 461 U.S. at 436).

This Court has already determined that plaintiffs' counsel's rate of $200.00 per hour for her services is a reasonable rate (Dkt. No. 31, at 15). The Court has reviewed defendant's claims that certain of plaintiffs' counsel's time entries are not reasonable (Dkt. No. 39-1) and agrees in part. The Court will reduce plaintiffs' fee award based on the following:

(1) This Court agrees in that 2.2 hours to review and finalize billing from the administrative hearing represents an administrative or overhead expense.

(2) This Court agrees that the 6.75 hours for time spent on June 29 and June 30, 2011, to draft a complaint for attorney's fees totaling six pages should be reduced and hereby reduces the compensable time to 3.5 hours.

(3) This Court agrees that the 1.2 hours to draft the letter on July 8, 2011, which by its terms was drafted eight days after the complaint for attorney's fees had already been prepared should be reduced and hereby reduces the compensable time to 0.6 hours.

The Court declines to make the other adjustments advocated by defendant. The Court also declines to reduce the overall amount of the fee request based on limited success. Plaintiffs sought and were awarded fees and successfully defended against defendant's request for reversal on the merits. The Court's adjustments amount to a reduction of 6.05 hours. Plaintiffs' claimed time of 60.05 less the Court's reduction equals 54 hours of time for which the Court will award fees. 54 hours at $200.00 per hour equates to a fee award of $10,800.00.

The Court awards plaintiffs' costs of $400.00 and attorney's fees of $10,800.00 for a total award to plaintiffs of $11,200.00.

SO ORDERED this 9th day of September, 2013.

_____
Kristine G. Baker
United States District Judge